Judge Hellerstein

07 cv 6401

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREAT BRIGHT SHIPPING, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT BRIGHT SHIPPING, LTD.,

          Plaintiff,

- against -

MEDMAR, INC., also doing business as MEDMAR
LINES, INC.,
          Defendant.
------------------------------------------------------------X



ECF CASE

07 Civ.

**VERIFIED COMPLAINT**

    Plaintiff GREAT BRIGHT SHIPPING, LTD. ("GBS"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, MEDMAR, INC., also doing business as MEDMAR LINES, INC. ("MEDMAR"), alleges upon information and belief as follows:-

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of a maritime contract. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 USC § 1333, and under the Court's federal question jurisdiction pursuant to 28 USC § 1331. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

    2.   At all material times, plaintiff GBS was and still is a corporation organized and existing under the laws of a foreign country, and was the owner of the

M/V GREAT BRIGHT ("the Vessel").

3. Upon information and belief, at all material times, defendant MEDMAR was and still is a corporation organized and existing under the laws of a foreign country, with an address at 2 Irinis Avenue, Neo Faliro, Piraeus, Greece and at Richmond House, Leeward Highway, Prividenciales, Turks and Caicos Islands. Defendant MEDMAR cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has tangible or intangible property within this District.

4. By a NYPE form time charter dated December 5, 1997, (the "Charter Party"), defendant MEDMAR chartered the Vessel from plaintiff GBS to transport soyabean meal from Brazil to China.

5. During the course of discharge in China, the cargo was found to have been in an alleged damaged condition.

6. The consignees of the cargo, China National Feedstuff Group Corporation ("CNFGC"), commenced proceedings in Guangzhou Maritime Court ("GMC") in China against plaintiff GBS for the loss of value for the damaged cargo.

7. On December 29, 1999, the GMC issued a judgment in the amount of RMB29,836,417.67 with interest and part of the legal costs in favor of CNFGC and against GBS. Thereafter, GBS appealed the judgment to the Higher People's Court of Guangdong Province ("GHC").

8. In December 2001, and before the appeal was decided, the GHC issued a mediation award (the "Award") in favor of CNFGC and against GBS in the amount of $4,161,640.53, plus interest and part of the legal costs.

9. On or about January 22, 2002, plaintiff GBS paid the full amount of the Award, plus interest and part of the legal costs.

10. As a result of the court proceedings (both before the GMC and the GHC) in China, plaintiff GBS has incurred the expenses and costs of defending the cargo claims in the amount of $326,319.77.

11. Under the terms of the Charter Party, all liability regarding cargo claims is the full responsibility of defendant MEDMAR as charterer.

12. Although duly demanded, defendant MEDMAR has failed to reimburse plaintiff GBS for the amount paid under the Award, plus interest and part of the legal costs.

13. Pursuant to Clause 86 of the Charter Party, disputes under the Charter Party between plaintiff GBS and defendant MEDMAR are subject to English law and London arbitration.

14. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

15. Plaintiff GBS hereby demands:-

   (a) Payment of $4,161,640.53 as indemnity for the cargo claims paid in connection with the Award;

   (b) Payment of $2,611,451.66 to cover interest on the amount in sub-paragraph (a) above; and

   (c) Payment of $326,319.77 to cover legal fees and costs in connection with defending the cargo claim in China.

   (d) Payment of $450,000 to cover the interest and legal fees and costs in connection with the London arbitration (recoverable under

English law).

Total: $7,549,411.96

WHEREFORE, plaintiff GBS prays that:-

a.    process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant MEDMAR, citing them to appear and answer under oath all and singular the matters alleged;

b.    since defendant MEDMAR cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff GBS, in the amount of $7,549,411.96 to secure plaintiff GBS's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged; and

c.    plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: July 13, 2007

LYONS & FLOOD, LLP
Attorneys for Plaintiff
GREAT BRIGHT SHIPPING, LTD.

By: *[signature]*
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2579005\Pleadings\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff GREAT BRIGHT SHIPPING, LTD. in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff GREAT BRIGHT SHIPPING, LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: July 13, 2007

_____
Kirk M. Lyons

U:\kmhldocs\2579005\Pleadings\Verified Complaint.doc